# RANDAZZA
## LEGAL GROUP

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

22 January 2025

<u>Via CM/ECF</u>
The Honorable Vernon D. Oliver
United States District Court Judge
United States District Court
450 Main Street
Hartford, CT 06104

     *Re:    Beautiful Minds of Tomorrow Ministry et al v. Bye et al, 3:24-cv-01783*

Dear Judge Oliver,

     I have the privilege of representing Plaintiffs Beautiful Minds of Tomorrow Ministry ("BMOT"), North Point Ministries, and Family Tree Ministry, Inc. I am writing in response to Defendants' January 15, 2025, letter requesting a prefiling conference in anticipation of a motion to dismiss. (ECF No. 25). Leave to file such a motion should not be granted as it is not likely to succeed, and it interposes unnecessary costs.

     The Complaint sets forth that Defendants expressly admit that they treat Plaintiffs differently than those churches and synagogues that whose exemption under Conn. Gen. Stat. § 19a-77(b)(8) for religious educational activities is Sunday School or Hebrew School. (ECF No. 1-11 at 2 and ECF No. 1-22 at 2). Defendants have declared that Plaintiffs do not meet that exemption without any due process, expressly denying that the Connecticut Administrative Procedures Act applies to their determinations. (ECF No. 1-22 at 4). This is despite, as to BMOT, determining the exemption *was* met, and two years later arbitrarily and capriciously changing their minds, without any material change in the religious educational activities. And, as to Family Tree Ministry, they went out of their way to cause town officials to take action against it based on their determination.

     Taking Defendants' identified issues in order, they are unlikely to succeed, as follows:

1) Defendants say the 11th Amendment prohibits Plaintiffs' claims without explanation. This is incorrect. The Eleventh Amendment does not bar suits for injunctive or declaratory relief against state officials in their official capacities. *Berman Enters., Inc. v. Jorling*, 3 F.3d 602, 606-07 (2d Cir. 1993). Plaintiffs only seek monetary relief as to Defendants Audette and Proietti, and only in their personal capacities. The Eleventh Amendment does not bar such relief. *Id.* at 607. To the extent the Complaint is unclear, monetary damages are not sought against the state or any defendant in their official capacity.

/
/
/
/

**RANDAZZA**
LEGAL GROUP

2) As to the prayer for relief:

a) Declaratory relief against state actors in their official capacities is not barred by the Eleventh Amendment. *Berman Enters.* at 606 ("acts of state officials that violate federal constitutional rights are deemed not to be acts of the state and may be the subject of injunctive or declaratory relief in federal court.")

b) Plaintiffs agree that the Eleventh Amendment bars money damages against the individuals in their official capacities, but Plaintiffs are only seeking such against Defendants Audette & Proietti in their personal capacities.

c) Conversely, Plaintiffs also agree that injunctive relief against Defendants Audette and Proietti in their individual capacities is not appropriate and it is not sought.

d) Qualified immunity bars no claims against Defendants Audette or Proietti. Generally "the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted." *McKenna v. Wright*, 386 F.3d 432, 435-36 (2d Cir. 2004) (alteration in original) (quoting *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983)) "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (citation omitted). Plaintiffs' rights under the 1st and 14th Amendments to free exercise, freedom from establishment of religion, equal protection, and due process are clearly established, and it is objectively unreasonable for Defendants to think their arbitrary and capricious determinations did not violate those rights.

3) As to Counts 1-4, claims were properly stated:

a) The exemption under Conn. Gen. Stat. § 19a-77(b)(8) is neither neutral nor generally applicable, and it directly affects Plaintiffs' religious practices. By its own terms, it is expressly directed to "Religious educational activities administered by a religious institution exclusively for children whose parents or legal guardians are members of such religious institution[.]" Religion permeates the provision.

b) The Establishment Clause claim is meritorious. There is nothing secular about a law that requires Defendants to evaluate whether some churches, but not Plaintiffs, are offering activities that are sufficiently of a religious educational nature. Notably, Defendants expressly favor those religious institutions that limit their instruction to Sunday School and Hebrew School

**RANDAZZA**
LEGAL GROUP

over Plaintiffs, no matter how secular those Sunday School or Hebrew School lessons may be.

c)    The Equal Protection claim is meritorious.  Defendants are expressly treating Plaintiffs differently than those similarly situated religious institutions that only offer Sunday School and Hebrew School.  Plaintiffs are discriminated against because they believe in offering such religious educational activities beyond just Sunday School or Hebrew School.

d)    The Procedural Due Process claim is meritorious.  Plaintiffs were denied the ability to freely exercise their faiths and offer religious education to children in a manner that permeates their days, and they were denied the ability to be free from the state establishment and preferential treatment to those religious institutions only offering Sunday School and Hebrew School.  And they were denied due process as Defendants have no established criteria or contested-matter procedures wherein qualification for the statutory exemption may be established; instead, they were subject to changing criteria and had no true opportunity to be heard by any neutral adjudicator.

4)    As to Counts 5 (Violation of the Connecticut Constitution) & 6 (Violation of the Connecticut Religious Freedom Restoration Act), Defendants claim that the *Pennhurst* Doctrine is a complete bar.  It is not.  First, the state may waive its immunity by consenting to suit.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  Even if they do not so consent, "[t]he jurisdictional limitation recognized in *Pennhurst* does not apply to an individual capacity claim seeking damages against a state official, even if the claim is based on state law." *Bad Frog Brewery v. N.Y. State Liquor Auth.*, 134 F.3d 87, 102 (2d Cir. 1998).  Thus, the claims against Defendants Audette and Proietti in their individual capacities for damages may proceed.[1]

In sum, there is no good cause for leave to be granted for Defendants to file their putative motion to dismiss.  However, should the Court grant such leave, Plaintiffs agree with the proposed briefing schedule.

---

[1] Plaintiffs are aware of certain cases adverse to the recovery of money damages against the individuals, but Defendants have not raised these issues.  *See Taylor v. City of New Haven*, 2023 U.S. Dist. LEXIS 40469, at *30-31 (D. Conn. Mar. 10, 2023) (finding CFRA claims, C.G.S. § 52-571b, are limited only to claims against the state, not individuals, and not for monetary relief); *Baltas v. Rizvani*, 2022 U.S. Dist. LEXIS 213399, at *61-62 (D. Conn. Nov. 28, 2022)(declining to recognize a private right of action to the applicable provisions of the Connecticut Constitution).

**RANDAZZA**
LEGAL GROUP

Sincerely,

/s/ Jay M. Wolman ct433791
Jay M. Wolman (ct433791)
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
jmw@randazza.com

Marc J. Randazza (31421)
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
ecf@randazza.com

*Attorneys for Plaintiffs*.

**RANDAZZA**
LEGAL GROUP

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Jay M. Wolman ct433791
Jay M. Wolman (ct433791)