IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BEAUTIFUL MINDS OF TOMORROW
MINISTRY, NORTH POINT MINISTRIES,
and FAMILY TREE MINISTRY
INCORPORATED,

    Plaintiffs,

v.

BETH BYE, in her official capacity as
Commissioner of the Connecticut Office of
Early Childhood, LAURIE AUDETTE, in her
official and personal capacities, and
ELIZABETH PROIETTI, in her official and
personal capacities,

    Defendants.

Case No. 3:24-cv-01783-VDO

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this notice of supplemental authority in further support of their Opposition to the motion to dismiss. (ECF No. 32).

On June 5, 2025, the Supreme Court unanimously issued its decision in *Cath. Charities Bureau, Inc. v. Wis. Lab. & Indus. Review Comm'n*, No. 24-154, 2025 U.S. LEXIS 2196 (June 5, 2025). A copy is attached as **Exhibit A**. Although that matter involved the interplay of unemployment exemptions and the provision of charitable services by a religious institution, it is just as apt here. The Supreme Court, in analogizing as to why Wisconsin's law was unconstitutional for violating the Establishment Clause of the First Amendment, invited the reader "consider an exemption that applies only to religious organizations that perform baptisms, engage in monotheistic worship, or hold services on Sunday. Such laws establish a preference for certain religions based on the content of their religious doctrine, namely, how they worship, hold services,

or initiate members and whether they engage in those practices at all." 2025 U.S. LEXIS 2196, at *13. Here, Connecticut is establishing a preference for religions based on religious doctrine—whether they provide educational activities for their members just on Sundays or do whatever Hebrew schools do, rather than providing them on weekdays and for extended periods of time. In applying the exemption from licensure, Defendants are unconstitutionally "impos[ing] a denominational preference by differentiating between religions based on theological choices." *Id*. at *16. This prohibition is clearly established, as the Supreme Court noted it was not dealing with a "hard call" in finding Wisconsin's law unconstitutional. *Id*. at *21.

Similarly, the Supreme Court determined that the Wisconsin exemption regime failed strict scrutiny as it was not closely fitted to further the state interest. Neither is the Connecticut regime here closely fitted. The purported interest of protecting children is underinclusive, given the wealth of broad exemptions. Nor do they demonstrate that Plaintiffs' licensure would change anything to improve child welfare, especially as the state cannot show the alternative is that the children will attend a licensed facility instead of being supervised at home by untrained adults.

"When the government distinguishes among religions based on theological differences in their provision of services, it imposes a denominational preference that must satisfy the highest level of judicial scrutiny." *Id.* at *21. Defendants' actions do not satisfy this burden. Thus, Count II should not be dismissed and the personal capacity defendants are not entitled to qualified immunity.

Dated: June 10, 2025.

Respectfully Submitted,

/s/ Jay M. Wolman ct433791
Jay M. Wolman (ct433791)
jmw@randazza.com
Marc J. Randazza (ct442312)
ecf@randazza.com

- 3 -

Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776

Attorneys for Plaintiffs.

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that, on June 10, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Jay M. Wolman ct433791
      Jay M. Wolman (ct433791)

RANDAZZA | LEGAL GROUP