IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEAUTIFUL MINDS OF TOMORROW MINISTRY, NORTH POINT MINISTRIES, and FAMILY TREE MINISTRY INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>BETH BYE, in her official capacity as Commissioner of the Connecticut Office of Early Childhood, LAURIE AUDETTE, in her official and personal capacities, and ELIZABETH PROIETTI, in her official and personal capacities,<br><br>Defendants. | Case No. 3:24-cv-01783-VDO |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this notice of supplemental authority in further support of their Opposition to the motion to dismiss. (ECF No. 32).

On June 27, 2025, the Supreme Court issued its decision in *Mahmoud v. Taylor*, No. 24-297, 2025 U.S. LEXIS 2500 (June 27, 2025). A copy is attached as **Exhibit A**. That matter involved parental rights as to an elementary school curriculum about sexuality and gender. In so doing, the Supreme Court spoke on the Free Exercise clause as follows:

> At its heart, the Free Exercise Clause of the First Amendment protects "the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through the performance of " religious acts. *Kennedy* [*v. Bremerton Sch. Dist.,* 597 U.S. 507, 524 (2022)] (internal quotation marks omitted). And for many people of faith across the country, there are few religious acts more important than the religious education of their children. *See Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U. S. 732, 754 (2020) ("Religious education is vital to many faiths practiced in the United States"). Indeed, for many Christians, Jews, Muslims, and others, the religious education of children is not merely a preferred practice but rather a religious obligation. *See id*., at 754-756. The parent petitioners in this case

> reflect this reality: they all believe they have a "sacred obligation" or "God-given responsibility" to raise their children in a way that is consistent with their religious beliefs and practices. App. to Pet. for Cert. 531a, 538a, 543a, 625a.
>
> The practice of educating one's children in one's religious beliefs, like all religious acts and practices, receives a generous measure of protection from our Constitution. "Drawing on 'enduring American tradition,' we have long recognized the rights of parents to direct 'the religious upbringing' of their children." *Espinoza* [*v. Mont. Dep't of Revenue*, 591 U.S. 464, 486 (2020) (quoting [*Wisconsin v. Yoder*, 406 U.S. 205, 213-214 (1972)]). And this is not merely a right to teach religion in the confines of one's own home. Rather, it extends to the choices that parents wish to make for their children outside the home. It protects, for example, a parent's decision to send his or her child to a private religious school instead of a public school. *Pierce v. Society of Sisters*, 268 U. S. 510, 532-535(1925).

*Mahmoud v. Taylor*, No. 24-297, 2025 U.S. LEXIS 2500, at *35-36.

Here, because Plaintiffs, and the parents of the children who attend Plaintiffs' programs, have chosen that religious ministry should occur daily, not merely on Sundays or whenever "Hebrew School" is in session, they are being threatened, even though they fully meet the letter of the exemption. Defendants would force Plaintiffs to abandon their faith, obtain licensure, and throw open their doors to heathens, heretics, and atheists. They are being targeted with adverse action on the basis of their decisions as to how to direct the religious upbringing of children, which is supposed to "receive[] a generous measure of protection from our Constitution." *Id.* Just as it protects the right to send a child to a private religious school instead of a public school, it protects the right to send a child to a weekday, all-day, religious educational activity instead of a secular program.

Thus, Count I should not be dismissed and the personal capacity defendants are not entitled to qualified immunity.

- 3 -

Dated: July 7, 2025.                    Respectfully Submitted,

/s/ Jay M. Wolman ct433791
Jay M. Wolman (ct433791)
jmw@randazza.com
Marc J. Randazza (ct442312)
ecf@randazza.com
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776

*Attorneys for Plaintiffs.*

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 7, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Jay M. Wolman ct433791
Jay M. Wolman (ct433791)

- 4 -